IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:14-CR-69** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **EUGENE STALLINGS, JR.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court in the above-captioned action is a motion (Doc. 213) to dismiss the superseding indictment (Doc. 52) by defendant Eugene Stallings, Jr., seeking to dismiss all charges against him for improper venue. For the reasons that follow, the court will deny Stallings' motion.

## I. Factual Background & Procedural History

On May 14, 2014, a federal grand jury sitting in Harrisburg, Pennsylvania, indicted defendant Eugene Stallings ("Stallings"), among others, for various drug trafficking offenses. (Doc. 52). The superseding indictment[1] charges Stallings and various codefendants with conspiracy to distribute and possess with intent to distribute heroin (Count I) and distribution and possession with intent to distribute heroin (Count II) in Franklin County and Cumberland County, Pennsylvania, and in the state of Maryland, from approximately October 2013 to April 17, 2014; conspiracy to distribute and possess with intent to distribute heroin (Count III) and

---

[1] The grand jury did not name Stallings in its initial indictment, returned March 19, 2014.

distribution and possession with intent to distribute heroin (Count IV) resulting in death on or about February 7, 2014, in Franklin County and Cumberland County, Pennsylvania, and in the state of Maryland; and criminal use of a communication facility (Count VI) from approximately October 2013 through March 5, 2014. (Doc. 52). On May 21, 2014, Stallings appeared before Chief Magistrate Judge Martin C. Carlson for an initial appearance and arraignment. Stallings pleaded not guilty and was ordered to be detained pending trial. (See Docs. 79, 81). Jury selection and trial are currently scheduled to begin at 9:30 a.m. on July 6, 2015. (Doc. 215).

On April 17, 2015, Stallings filed the instant motion to dismiss the indictment for improper venue contemporaneously with a supporting brief. (See Docs. 213-14). The government filed a brief (Doc. 217) in opposition at the court's request on May 4, 2015. Stallings' motion is thus fully briefed and ripe for disposition.

## II.  Legal Standard

A motion to dismiss a criminal indictment may be brought at any time before trial. See FED. R. CRIM. P. 12(b)(3). A motion to dismiss the indictment may allege a defect in instituting the prosecution, including improper venue, violation of the constitutional right to a speedy trial, or selective prosecution. See FED. R. CRIM. P. 12(b)(3)(A). A motion to dismiss may also be premised on perceived substantive deficiencies, including duplicity or multiplicity in the indictment, lack of specificity, improper joinder, or failure to state an offense. See FED. R. CRIM. P. 12(b)(3)(B). The court must decide every pretrial motion before trial unless good cause exists to defer its ruling. See FED. R. CRIM. P. 12(d).

**III. Discussion**

Stallings' motion tests the sufficiency of the government's chosen venue for the above-captioned criminal proceeding. Stallings asserts that he is a resident of Baltimore, Maryland, and has not traveled to the Middle District of Pennsylvania for any purpose, eliminating any physical link between his person and the chosen venue. (See Doc. 214 at 2-9). The government answers that venue is proper in the Middle District because Stallings conspired in drug trafficking with individuals who committed acts in furtherance of said conspiracy here. (See Doc. 217 at 4-6). In his opening brief, Stallings seems to concede the government's point in principle, but argues that the superseding indictment's allegations are insufficient to state his participation in the conspiracy, rendering venue in this district inappropriate. (See Doc. 214 at 5-9). The court finds both of Stallings' arguments to be meritless.

The Constitution of the United States "twice safeguards the defendant's venue right." United States v. Cabrales, 524 U.S. 1, 6 (1998). Both Article III and the Sixth Amendment mandate that a defendant's trial be held in the state where the crime alleged is said to have been committed. See U.S. CONST. art. III, § 2, cl. 3 ("[T]he trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."); U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."). The Federal Rules of Criminal Procedure codify this mandate, requiring that all criminal cases be tried "in a district where the offense was committed." FED. R. CRIM. P. 18. In cases involving conspiracies, which often transcend multiple judicial districts,

defendants may be "prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); see also United States v. Perez, 280 F.3d 318, 329 (3d Cir. 2002) ("[V]enue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy." (citing Hyde v. United States, 225 U.S. 347, 363-64 (1912))). Hence, there is no question that a conspiracy begun in Baltimore, Maryland, and ending in Franklin County or Cumberland County, Pennsylvania, is prosecutable in any judicial district encompassing those localities. See id.

Stallings argues, however, that the indictment's drug trafficking allegations are too attenuated to connect him to the conspiracy for purposes of determining the appropriate venue. He asserts that the government cannot prove his participation in a conspiracy based upon the existence of isolated buyer-seller transactions, and that absent additional conspiratorial allegations, venue cannot lie in the Middle District of Pennsylvania. (See Doc. 214 at 5-9). Stallings cites several cases for the proposition that a buyer-seller relationship is insufficient evidence of a conspiracy. (See id. (citing United States v. Regalado, 13 F. App'x 566 (9th Cir. 2001); United States v. Douglas, 818 F.2d 1317 (7th Cir. 1987); United States v. Sperling, 506 F.2d 1323 (2d Cir. 1974) ; United States v. Bostic, 480 F.2d 965 (6th Cir. 1973))).

Stallings' argument is without merit. In the cases upon which he relies, the appellate courts vacated conspiracy convictions because evidence established isolated and noncollaborative criminal transactions but nothing more. See, e.g., Regalado, 13 F. App'x at 567-68 (vacating jury verdict when "no rational trier of fact could have found that [defendant] entered into any agreement concerning the

4

distribution of methamphetamine, other than the agreements to sell to [the buyer]"); Douglas, 818 F.2d at 1321-23 (vacating conviction when the district court failed to instruct the jury that "[m]ere proof of the existence of a buyer-seller relationship is not enough to convict one as a co-conspirator on drug conspiracy charges"); Sperling, 506 F.2d at 1342 (observing that "a single act" is insufficient "to draw an actor within the ambit of a conspiracy to violate the federal narcotics laws" unless there exists "independent evidence tending to prove that the defendant in question had some knowledge of the broader conspiracy, or the single act itself [is] one from which such knowledge may be inferred"); see also Bostic, 480 F.2d at 968 (in counterfeit currency case, observing that "knowledge or approval, without participation" is insufficient to sustain a conspiracy conviction absent "intentional participation in the transaction with a view to the furtherance of the common design and purpose" of the conspiracy).

The allegations *sub judice* are materially distinct from the cases relied upon by Stallings. Rather than a single buyer-seller transaction, the government asserts that Stallings acquiesced in a conspiratorial agreement to traffic drugs, actively and routinely engaging with others to distribute heroin from Baltimore, Maryland, to various localities within the Middle District of Pennsylvania. (See Doc. 52; see also Doc. 217 at 5-6 (summarizing evidence to be introduced at trial)). For purposes of Rule 12, the superseding indictment sufficiently alleges the elements of a criminal drug trafficking conspiracy, and Stallings' participation therein. See United States v. Vitillo, 490 F.3d 314, 320-21 (3d Cir. 2007) ("[A]n indictment is facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently

apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989))).  According to the superseding indictment, the conspiracy trafficked drugs in central Pennsylvania, and at least one individual died in this judicial district as a result of using the heroin that defendants trafficked.  (See Doc. 52).  Consequently, venue is clearly appropriate in the Middle District of Pennsylvania.  See Perez, 280 F.3d at 329 (citing Hyde, 225 U.S. at 363-64).

## IV. Conclusion

For the foregoing reasons, the court will deny Stallings' motion (Doc. 213) to dismiss the superseding indictment.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     June 10, 2015