**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:14-CR-69** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **EUGENE STALLINGS, JR.,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

On February 2, 2016, prior to the commencement of jury selection in the above-captioned matter, defendant Eugene Stallings, Jr. ("Stallings"), moved the court to dismiss all charges against him in the superseding indictment (Doc. 52) for violation of the Speedy Trial Act, 18 U.S.C. § 3161.  The court denied Stallings' oral motion from the bench, finding that the request was both untimely and without merit.  This memorandum opinion expands upon the court's *ratio decidendi* as set forth on the record.

## I.    Factual Background & Procedural History

A federal grand jury indicted Stallings, among others, for various drug trafficking offenses on May 14, 2014.  (Doc. 52).  The superseding indictment[1] charges Stallings and six codefendants with conspiracy to distribute and possess with intent to distribute heroin (Count I) and distribution and possession with intent to distribute heroin (Count II) in Franklin County and Cumberland County, Pennsylvania, and in the state of Maryland, from approximately October 2013 to April 17, 2014; conspiracy to distribute and possess with intent to distribute heroin

---

[1] The grand jury did not name Stallings in its initial indictment, returned March 19, 2014.  (Doc. 1).

(Count III) and distribution and possession with intent to distribute heroin (Count IV) resulting in death on or about February 7, 2014, in Franklin County and Cumberland County, Pennsylvania, and in the state of Maryland; and criminal use of a communication facility (Count VI) from approximately October 2013 through March 5, 2014. (Id.) On May 21, 2014, Stallings appeared before Chief Magistrate Judge Martin C. Carlson for an initial appearance and arraignment. Stallings pled not guilty and was ordered to be detained pending trial. (See Docs. 79, 81).

Stallings filed an initial motion (Doc. 213) to dismiss the indictment on April 17, 2015, asserting that venue is improper in this judicial district. The court denied Stallings' motion as meritless in an opinion and order (Docs. 226-227) dated June 10, 2015. Thereafter, Stallings filed a trio of pretrial motions, requesting that the court order the government to: (1) produce information favorable to the defense pursuant to Giglio v. United States, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500 (Doc. 270); (2) identify each of its witnesses and any attendant impeachment evidence (Doc. 271); and (3) both disclose and provide access to its confidential informants (Doc. 272). The court prospectively granted the motions in part, directing the government to remain compliant with its statutory discovery obligations, and otherwise denied Stallings' requests. (See Docs. 297-99).

Stallings, his codefendants, and the government have filed multiple motions to continue trial during the course of these proceedings. (See Docs. 109, 121, 136, 151, 158, 163, 167, 205, 212, 239, 253, 285, 300, 309, 318). In granting each continuance, the court expressly found that the "ends of justice served" by the

delay "outweigh the best interests of the public and the defendants to a speedy trial." (See Docs. 112, 122, 137, 153, 159, 164, 168, 206, 215, 240, 259, 286, 301, 312, 319); see also 18 U.S.C. § 3161(h)(7).  The record reveals only one scheduling order that does not contain an express "ends of justice" finding—a one-day continuance of trial from December 1 to December 2, 2014.  (See Doc. 155).

At the request (Doc. 300) of a codefendant, the court extended the deadline for filing pretrial motions to November 2, 2015.  (Doc. 301).  Thereafter, the court twice continued trial at the government's request, but did not disturb the pretrial motions deadline.  (Docs. 312, 319).  The court's most recent scheduling order (Doc. 319) set jury selection to begin on Tuesday, February 2, 2016.

On January 22, 2016, the government filed a motion (Doc. 322) requesting a pretrial status hearing.  The court granted the government's motion, (see Doc. 324), and convened the requested hearing on Monday, February 1, 2016.  Stallings' counsel indicated during the pretrial hearing that he would move to dismiss the superseding indictment pursuant to the Speedy Trial Act before jury selection on the following day.  On February 2, 2016, Stallings' counsel orally moved the court to dismiss the superseding indictment, citing perceived violations of Stallings' right to a speedy trial.  The undersigned denied Stallings' request on the record, concluding that the motion was (1) untimely by nearly three months and (2) meritless, as thirty days have run against the trial clock *sub judice*, well within the Speedy Trial Act's seventy-day limit.

II.    **Legal Standard**

A motion to dismiss a criminal indictment may allege a defect in instituting the prosecution, including improper venue, violation of the right to a speedy trial, or selective prosecution.  See FED. R. CRIM. P. 12(b)(3)(A).  A motion to dismiss may also be premised on perceived substantive deficiencies, including duplicity or multiplicity in the indictment, lack of specificity, improper joinder, or failure to state an offense.  See FED. R. CRIM. P. 12(b)(3)(B).  The court must decide every pretrial motion before trial unless good cause exists to defer its ruling.  See FED. R. CRIM. P. 12(d).

III.    **Discussion**

As detailed *supra*, Stallings' counsel orally moved to dismiss the superseding indictment prior to jury selection in the instant matter.  Specifically, defense counsel asserted that Stallings' trial commenced more than seventy days after his arraignment, in violation of the Speedy Trial Act.  Stallings' counsel further argued that the court failed to articulate its reasons for granting various motions to continue trial which undergird the delay in Stallings' case.  The government countered that Stallings' motion was untimely and that the court properly applied the "ends of justice" exception to the Speedy Trial Act in responding to pretrial requests for postponement.  See 18 U.S.C. § 3161(h)(7)(A).  In the exercise of caution, the court deems it appropriate to supplement its oral ruling denying Stallings' motion with the following elucidatory analysis.

Under the Speedy Trial Act, a defendant who has not pled guilty must be brought to trial within seventy days of the filing of the indictment or the date the

defendant appeared before a judicial officer of the court in which the charges are pending, whichever is later.  18 U.S.C. § 3161(c)(1).  Any delay resulting from a motion for a continuance is excludable from this time period if the court "granted such continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  <u>Id.</u> § 3161(h)(7)(A).  District courts undertaking the "ends of justice" inquiry are to consider myriad factors, including, *inter alia*: (1) the likelihood that proceeding to trial will "result in a miscarriage of justice," <u>id.</u> § 3161(h)(7)(B)(i); (2) in exceedingly complex cases, "the number of defendants, the nature of the prosecution, [and] the existence of novel questions of fact or law," <u>id.</u> § 3161(h)(7)(B)(ii); (3) the length of time necessary to maintain continuity of counsel, <u>id.</u> § 3161(h)(7)(B)(iv); and (4) the length of time necessary for defense counsel and counsel for the government to adequately prepare for trial.  <u>Id.</u>  Reasonable delay may also be excluded under the Speedy Trial Act "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  <u>Id.</u> § 3161(h)(6).

The district court is required to place its reasons for granting an "ends of justice" continuance on the record.  <u>Id.</u> § 3161(h)(8)(A).  This exposition may be made either contemporaneous with the court's ruling or some time thereafter.  <u>Id.</u>; see <u>Zedner v. United States</u>, 547 U.S. 489, 506-07 (2006); <u>United States v. Lattany</u>, 982 F.2d 866, 877 (3d Cir. 1992); <u>United States v. Rivera Constr. Co.</u>, 863 F.2d 293, 297 (3d Cir. 1988).

To clarify the existing record and address the arguments advanced by defense counsel, the court will expound upon the reasons set forth in each pretrial order that granted a request to continue Stallings' trial date.

- **June 19, 2014: Order Granting the Government's Unopposed Motion for Postponement of Jury Selection and Trial**

On June 18, 2014, the government filed an unopposed motion (Doc. 109) for postponement of jury selection and trial.  Therein, the government requested the court to continue Stallings' and codefendant Mark Parks, Jr.'s ("Parks") trial from July 7, 2014 to August 12, 2014, the trial date for the remaining five codefendants. (Doc. 109 ¶¶ 1-4).  Stallings' court-appointed counsel, Attorney Erin Zimmerer ("Attorney Zimmerer"), concurred in the government's request.  (Id. ¶ 5).  The court granted the motion by order (Doc. 112) dated June 19, 2014, incorporating the reasons set forth in the motion and finding that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.

The court granted the government's concurred motion for the purpose of encouraging the desirable outcome of a joint trial.   Joint trials promote judicial efficiency and help to prevent inconsist verdicts and are thus favored in the federal system.  See Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Walker, 657 F.3d 160, 169 (3d Cir. 2011).  The benefits of consolidation during the early stages of the instant case justified an approximately one-month delay of Stallings' and Parks' trial date.

- **July 22, 2014: Order Granting the Government's Unopposed Motion for Postponement of Jury Selection and Trial**

On July 22, 2014, the government filed an additional unopposed motion (Doc. 121) for postponement of jury selection and trial, asserting as support that: "Plea negotiations are ongoing and will hopefully resolve this case as to all defendants without a jury trial." (Id. ¶ 4). The government requested a continuance from August 12, 2014 to a date deemed appropriate by the court. (Id. ¶ 5). Stallings' then retained counsel, Attorney Jason Duncan ("Attorney Duncan"), concurred in the government's request. (Id. ¶ 11). The court granted the motion by order (Doc. 122) dated July 22, 2014 and continued trial to October 6, 2014. Therein, the court adopted the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial. (Id.)

The Third Circuit has explained that an "ends of justice" continuance may be granted "in appropriate circumstances to permit plea negotiations to continue." United States v. Fields, 39 F.3d 439, 445 (3d Cir. 1994); see United States v. Williams, 591 F. App'x 78, 85 (3d Cir. 2014) (nonprecedential). District courts must exercise discretion in determining whether and under what circumstances such a continuance is warranted. See Fields, 59 F.3d at 445-56.

In its July 2014 motion for postponement of trial, the government described active and ongoing negotiations with the five defendants who had not entered plea agreements. (See Doc. 121 ¶ 4). The government reported productive discussions, forecasting the conclusion of the case without trial. (Id.) The court relied upon the

7

government's assertions, as well as the concurred nature of the motion, in deciding to grant an approximately sixty-day continuance under the "ends of justice" exception to the Speedy Trial Act.

- **September 22, 2014: Order Granting Stallings' Concurred Motion to Continue Jury Selection and Trial**

On September 18, 2014, Attorney Duncan filed a joint motion (Doc. 136) to continue jury selection and trial on behalf of Stallings and his codefendants.  In support of the motion, Attorney Duncan stated the following: "Discovery in this case is voluminous and still on-going and [Stallings] as well as several other defendants are still engaged in plea negotiations in this matter. . . . In order to allow the parties to fully complete plea negotiations, eliminating the need for trial, or in the alternative to fully prepare for trial if no plea resolution is possible the defense believes a continuance of the case is appropriate."  (Id. ¶¶ 2-3).  The government concurred in the request.  (Id. ¶ 4).  The court granted the motion by order (Doc. 137) dated September 22, 2014 and continued trial to November 3, 2014.  The court adopted (by incorporation) the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (Id.)

The court granted Stallings' concurred motion for the purposes of allowing active plea bargaining to continue and affording counsel adequate time to conduct discovery and prepare for trial.  See 18 U.S.C. § 3161(h)(7)(B)(iv); Fields, 59 F.3d at 445-56.  Notably, the instant case centers upon a drug trafficking organization charged with distributing heroin, the use of which resulted in death; the

complexities involved in preparing for a trial of this nature militate in favor of affording defense counsel additional time.  The court determined that these reasons unequivocally supported a one-month continuance.

- **October 24, 2014: Order Granting Defendants' Joint Motion to Continue Jury Selection and Trial**

On October 22, 2014, defendants filed a joint motion (Doc. 151) to continue jury selection and trial, asserting the following as support: "The parties are at varying stages of plea negotiations and counsel respectfully request that jury selection and trial be continued to allow time to conclude plea negotiations and if necessary to prepare for a trial."  (<u>Id.</u> ¶ 4).  The government concurred in the request.  (<u>Id.</u> ¶ 5).  The court granted the motion by order (Doc. 153) dated October 24, 2014 and continued trial to December 1, 2014.  It incorporated by reference the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (<u>Id.</u>)  The court continued trial for one month for the reasons stated *supra* regarding ongoing plea negotiations in the matter *sub judice*.

- **November 19, 2014: Order Granting Defendants' Joint Motion to Continue Jury Selection and Trial**

On November 19, 2014, defendants filed an additional joint motion (Doc. 158) to continue jury selection and trial.  Therein, defendants restated the following explanation: "The parties are at varying stages of plea negotiations and counsel respectfully request that jury selection and trial be continued to allow time to conclude plea negotiations and if necessary to prepare for a trial."  (<u>Id.</u> ¶ 4).  The

government again concurred in the request.  (<u>Id.</u> ¶ 5).  The court granted the motion by order (Doc. 159) dated November 19, 2014 and continued trial to January 5, 2015, adopting (by incorporation) the reasons set forth in the motion and finding that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (<u>Id.</u>)  Ultimately, the court postponed the trial date for one month for the reasons explicated above; to wit, to afford defendants a meaningful opportunity to pursue plea offers.

- **December 22, 2014: Order Granting Defendants' Joint Motion to Continue Jury Selection and Trial**

On December 18, 2014, defendants filed a joint motion (Doc. 163) to continue jury selection and trial, identical in form and substance to their prior requests (Docs. 151, 158) dated October 22, 2014 and November 19, 2014.  Therein, defendants sought additional time to pursue plea negotiations and noted the government's concurrence.  (Doc. 163 ¶¶ 4-5).  The court granted the motion by order (Doc. 164) dated December 22, 2014 and continued trial to February 2, 2015. It incorporated by reference the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (<u>Id.</u>)  Applying the previously elucidated *ratio decidendi*, the court deferred trial for one month to permit plea negotiations to continue.

- **January 21, 2015: Order Granting the Government's Unopposed Motion for Postponement of Jury Selection and Trial**

On January 20, 2015, the government filed an unopposed motion (Doc. 167) for postponement of jury selection and trial, citing ongoing plea negotiations and requesting a sixty-day continuance.  (Id. ¶¶ 4-5).  Attorney Duncan concurred in the government's request.  (Id. ¶ 10).  The court granted the motion by order (Doc. 168) dated January 21, 2014 and continued trial to April 6, 2015.  Therein, the court incorporated by reference the reasons articulated in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (Id.)  For the reasons discussed *supra*, and upon consideration of the government's renewed representations in tandem with defendants' concurrence, the court granted a sixty-day continuance.

- **March 19, 2015: Order Granting Defendants' Joint Motion for Continuance in Jury Selection and Trial**

On March 19, 2015, defendants filed a joint motion (Doc. 205) for continuance in jury selection and trial, seeking additional time to conclude plea negotiations.  (Id. ¶ 4).  The government concurred in the request.  (Id. ¶ 5).  The court granted the motion by order (Doc. 206) dated March 19, 2015 and continued trial to May 4, 2015.  It incorporated by reference the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (Id.)

At this juncture, the court observed that only three defendants remained who had not entered agreements with the government—Ashley Gries ("Gries"), Gabriel

Stouffer ("Stouffer"), and Stallings.  Following the court's prior continuance order (Doc. 168), dated January 21, 2015, defendants Danny Forrester ("Forrester") and Michael DeCarlo ("DeCarlo") elected to plead guilty.  The court thus determined that granting an additional month for Gries, Stouffer, and Stallings to engage in plea negotiations satisfied the ends of justice inquiry.

- **April 20, 2015: Order Granting the Government's Unopposed Motion for Postponement of Jury Selection and Trial**

On April 16, 2015, the government filed an unopposed motion (Doc. 212) for postponement of jury selection and trial, asserting that plea negotiations were ongoing and requesting a sixty-day continuance.  (Id. ¶¶ 4-5).  Attorney Zimmerer, then re-appointed to represent Stallings, concurred in the government's request. (Id. ¶ 10).  The court granted the motion by order (Doc. 215) dated April 20, 2015 and continued trial to July 6, 2015.  Therein, the court adopted (by incorporation) the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial.  (Id.)  Considering the parties' concomitant representations regarding the continued efficacy of plea discussions, in addition to the recent change of plea entered by Forrester and DeCarlo, the court deemed a sixty-day continuance to be appropriate.

- **June 22, 2015: Order Granting Codefendants Gries and Stouffer's Motion for Continuance of Trial**

On June 19, 2015, Gries and Stouffer moved (Doc. 239) jointly for a continuance of trial.  In support of the motion, counsel for Gries and Stouffer

asserted as follows: "Due to the complex nature of this case Defense Counsel require additional time to meet with their clients, prepare a defense or, in the alternative, to negotiate possible plea agreements for their clients." (Id. ¶ 2). The government concurred in the request. (Id. ¶ 4). Stallings' newly retained counsel, Attorney James Rowland, Jr. ("Attorney Rowland"), declined to join the motion. (Id. ¶ 5). The court granted the request by order (Doc. 240) dated June 22, 2015 and continued trial to August 11, 2015. Therein, the court expressly adopted (by reference) the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial. (Id.) In response to Attorney Rowland's nonconcurrence, the court noted that his codefendants were not severed from his case. (Id.)

The court granted counsel's request for the reasons aforestated: pertaining to plea negations and to the challenges inherent in preparing a defense in the instant case. Further, without the benefit of an explanation from Attorney Rowland regarding his nonconcurrence, the court presumes that Stallings was prepared to go to trial during this time period. This consideration is compelling, but insufficient to counterbalance the proximate needs articulated by Stallings' codefendants. Significantly, Stallings elected not to move for severance. The approximately one month which the court excluded pursuant to Gries' and Stouffer's motion thus applied *de facto* to Stallings under § 3161(h)(6) of the Speedy Trial Act. 18 U.S.C. § 3161(h)(6).

- **July 31, 2015: Order Granting the Government's Motion for Postponement of Jury Selection and Trial**

On July 29, 2015, the government filed a motion (Doc. 253) for postponement of jury selection and trial, citing ongoing plea negotiations with Stallings and Stouffer and requesting a sixty-day continuance. (Id. ¶¶ 4-5, 7). Counsel for Stouffer concurred in the motion, but Attorney Rowland declined to do so. (Id. ¶¶ 6-7). The court granted the motion by order (Doc. 259) dated July 31, 2015 and continued trial to October 6, 2015. Therein, it expressly adopted (by reference) the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial. (Id.) The court repeated its prior response to Attorney Rowland that no severance had been granted in the case. (Id.)

Gries accepted a plea offer before the government filed its motion, leaving only Stouffer and Stallings subject to the provisions of the Speedy Trial Act. The government's assertions regarding ongoing plea discussions necessitated the court's careful consideration, given the diminishing group of defendants set to go to trial. The court noted that Attorney Rowland neither agreed to the motion nor responded to the government's assertion that Stallings' plea discussions with the government persisted. Attorney Rowland's nonconcurrence thus fared no better than his last. The court delayed trial for sixty days to provide defendants with additional time to entertain the government's plea offers.

- **September 3, 2015: Order Granting Codefendant Stouffer's Motion to Continue Trial and Request for an Extension of Time to File Pretrial Motions**

On September 1, 2015, Stouffer filed a motion (Doc. 285) for continuance of trial and for an extension of time to file pretrial motions. Newly appointed counsel for Stouffer sought time to receive and review discovery and to determine whether pretrial motions were warranted. (Id. ¶¶ 3-4). The government did not oppose the request, and Attorney Rowland declined to concur. (Id. ¶¶ 5-6). The court granted the motion by order (Doc. 286) dated September 3, 2015, continuing trial to November 2, 2015 and resetting the pretrial motion deadline for October 2, 2015. (Id.) Therein, the court incorporated the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial. (Id.) The court further noted that Stallings' case was not severed from Stouffer's. (Id.)

The court granted the motion to ensure the continuity and adequate preparation of Stouffer's counsel, considerations mandated by the Speedy Trial Act. 18 U.S.C § 3161(h)(7)(B)(iv). Notwithstanding Attorney Rowland's apparent dissension, the court found that Stouffer's request supported an "ends of justice" continuance of trial for one month.

- **October 5, 2015: Order Granting Codefendant Stouffer's Motion to Extend Time Within Which to File Pretrial Motions and for Continuance of Jury Selection and Trial**

On October 1, 2015, Stouffer filed a motion (Doc. 300) for an extension of time to file pretrial motions and for a continuance of jury selection and trial. Counsel for Stouffer requested "additional time to review all material and meet with [Stouffer] . . . to determine an appropriate disposition in the . . . matter." (Id. ¶ 3). The government did not oppose the motion, and Attorney Rowland elected not to concur. (Id. ¶¶ 4-5). The court granted the request by order (Doc. 301) dated October 5, 2015, continuing trial to December 7, 2015 and resetting the pretrial motion deadline for November 2, 2015. (Id.) Therein, the court adopted (by reference) the reasons set forth in the motion and found that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendants in a speedy trial. (Id.) Responding to Attorney Rowland, the court again noted that no severance had occurred the case. (Id.) For the same reasons undergirding its antecedent order (Doc. 286), the court found a one-month delay in trial to be warranted under the circumstances.

- **November 25, 2015: Order Granting the Government's Motion for Postponement of Jury Selection and Trial**

On November 23, 2015, the government filed a motion (Doc. 309) for postponement of jury selection and trial, requesting a February trial date. (Id. ¶ 6). The government provided the following reasons in support: (1) counsel for the government would be traveling for at least one week due to a family emergency; (2) multiple government witnesses were unavailable in mid-December; and (3) counsel

was scheduled for trial in mid-January in an unrelated case.  (<u>Id.</u> ¶¶ 3-5).  By this

date, each of Stallings' codefendants had pled guilty.  (Docs. 105, 133, 197, 202, 265,

310).  Attorney Rowland did not concur in the motion.  (<u>Id.</u> ¶ 7).  The court granted

the motion by order (Doc. 312) dated November 25, 2015 and continued trial to

February 1, 2016.  Noting Attorney Rowland's nonconcurrence, the court adopted

(by reference) the reasons set forth in the motion and found that the ends of justice

served by granting the continuance outweighed the best interests of the public and

the defendant in a speedy trial.  (<u>Id.</u>)

The court considered each of the government's proffered reasons in arriving

at its decision, observing that scheduling conflicts frequently arise when an

ostensible date certain is set for trial.  Specifically, the court noted counsel's

unexpected emergency circumstances, the potentially large number of anticipated

witnesses in the case, and the logistical challenges in coordinating with cooperating

codefendants who may be incarcerated in different locations.  For these reasons,

the court granted the government's motion for an approximately two-month delay.

- **January 20, 2016: Order Granting the Government's Motion for One-Day Postponement of Jury Selection and Trial**

On January 20, 2016, the government filed a motion (Doc. 318) for a one-day

postponement of jury selection and trial to ensure the presence of a critical witness

at trial.  The government explained that the witness—an incarcerated codefendant

in Stallings' case— would not arrive in Harrisburg until the evening of February 1,

2016.  (<u>Id.</u> ¶ 3).  Specifically, the government requested that jury selection

commence on February 2 and testimony on February 3, 2016, to ensure the

witness's availability for trial.  (Id. ¶ 4).  Attorney Rowland concurred in the motion

with respect to the one-day continuance, but requested that testimony commence

on February 2.  (Id. ¶ 5).  The court granted the motion by order (Doc. 319) dated

January 20, 2016, incorporating the reasons set forth in the motion and finding that

the ends of justice served by granting the continuance outweighed the best interests

of the public and the defendant in a speedy trial.  (Id.)  In assessing the merits of the

motion, the court found that the requested one-day delay in jury selection and two-

day delay in trial would serve to streamline in-court proceedings and guarantee the

presence of all necessary witnesses for the duration of trial.

## IV.   <u>Conclusion</u>

In view of the foregoing, and for the reasons previously placed on the record,

the court denies Stallings' oral motion to dismiss the superseding indictment

pursuant to the Speedy Trial Act.  An appropriate order shall issue.


                                    /S/ CHRISTOPHER C. CONNER
                                    Christopher C. Conner, Chief Judge
                                    United States District Court
                                    Middle District of Pennsylvania


Dated:        February 4, 2016