# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:14-CR-69 |
| v. | : | (Chief Judge Conner) |
| **EUGENE STALLINGS, JR.,** | : | |
| Defendant | : | |

## MEMORANDUM

A jury found defendant Eugene Stallings, Jr. ("Stallings"), guilty of numerous drug-related offenses, including drug distribution resulting in death. Stallings was sentenced to 252 months' imprisonment. Following an unsuccessful appeal, he moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Stallings seeks funds under 18 U.S.C. § 3006A(e)(1) to hire a medical expert to support one of the claims in his collateral attack. (Doc. 470). We will deny Stallings' request for funds.

## I. Factual Background & Procedural History

In February 2016, Stallings was tried and convicted by a jury on five of the six counts in a superseding indictment.[1] That indictment charged Stallings and six codefendants with multiple drug trafficking offenses. Relevant to the instant matter, Count IV—one of Stallings' counts of conviction—charged distribution and possession with intent to distribute heroin resulting in the death of a heroin user, Kyle Golter ("Golter").

---

[1] Citations to the transcript from the three-day trial are abbreviated herein as ("2/__/16 Trial Tr.").

Stallings' Section 2255 motion claims, *inter alia*, that his trial attorney was constitutionally ineffective for failing to investigate and challenge the required "but-for" causation between heroin ingestion and Golter's death. Stallings seeks funds under the Criminal Justice Act, 18 U.S.C. § 3006A, to retain a medical expert, "most likely a forensic pathologist," to opine on the but-for causation element of Count IV. (Doc. 470 ¶¶ 2, 6). The motion is fully briefed and ripe for disposition.

## II. **Legal Standard**

Section 3006A(e)(1) of Title 18 of the United States Code provides that, on request, the court may authorize funds for services other than counsel upon finding that "the services are necessary and that the person is financially unable to obtain them." 18 U.S.C. § 3006A(e)(1). Before authorizing such funds, the court must "satisfy itself that a defendant *may have a plausible defense*." United States v. Roman, 121 F.3d 136, 143 (3d Cir. 1997) (quoting United States v. Alden, 767 F.2d 314, 318 (7th Cir. 1984)). If the defendant can make this showing, the court then must determine if the services are "necessary for adequate representation." United States v. Pitts, 346 F. App'x 839, 841 (3d Cir. 2009) (nonprecedential) (quoting 18 U.S.C. § 3006A(e)(1)). A common test for whether services are necessary is the "'private attorney' standard": whether a reasonable attorney would solicit such services if the client could independently afford them. Id. (quoting Alden, 767 F.2d at 318). This standard, however, does not require taxpayers to fund a "fishing expedition," United States v. King, 356 F.3d 774, 778 (7th Cir. 2004); the defendant bears the burden of demonstrating, with specificity, that the requested services are necessary, Pitts, 346 F. App'x at 841-42.

2

**III.    Discussion**

There is no dispute that Stallings is financially unable to independently obtain an expert. Nevertheless, Stallings cannot meet his burden to establish that he has a plausible defense or that the funds sought are necessary. He requests $1,000 "to obtain from a forensic pathology expert . . . an opinion on whether it was possible to have raised reasonable doubt on the issue of whether heroin was the but for cause of the victim's death." (Doc. 470 ¶ 6). Stallings' unsupported justification is far too speculative to satisfy the requirements of Section 3006A(e)(1).

At trial, the government presented unequivocal evidence from two medical experts indicating that Golter's death was directly caused by an accidental heroin overdose. Forensic pathologist Rameen Starling-Roney ("Dr. Starling-Roney") testified extensively regarding Golter's cause of death. (See generally 2/3/16 Trial Tr. 131:16-144:19). Dr. Starling-Roney attested that Golter had needle-puncture wounds on his forearm suggestive of an injection site; that the toxicology report indicated heroin use and no other independently ingested controlled substances; that there were no other observable potential causes of death; and that, within a reasonable degree of medical certainty, Golter "would not have died on that day without the heroin usage." (Id. at 138:21-139:12, 140:16-143:21; 144:2-19).

Jeffery R. Conner ("Conner"), the county coroner and an expert in forensic death investigation, also testified. (Id. at 53:8-14, 56:25-57:10). Conner opined that examination of Golter's body and the scene of the accident strongly implicated heroin usage as the cause of death. In particular, Golter's body was discovered surrounded by openly displayed drug paraphernalia, including a syringe, a spoon, a

makeshift tourniquet, and empty packages containing a white residue.  (Id. at 59:1-6).  The syringe was reportedly found lying on Golter's face, indicating a quick and unexpected death.  (Id. at 62:10-25).  Conner concluded, like Dr. Starling-Roney, that the cause of death was "heroin toxicity due to . . . self[-]inflicted illegal drugs" and that the manner of death was "accidental."  (Id. at 63:19-25).

Stallings provides no reason to question these opinions or the circumstances surrounding Golter's death.  Stallings' request for expert funds is based on pure speculation regarding what a counter-expert might opine.  If there were any indication that Golter's death could have been caused by something other than heroin ingestion, Stallings may have a plausible defense to explore in the form of challenging but-for causation.[2]  As it stands, Stallings seeks a taxpayer-funded fishing expedition.  If this were all that Section 3006A(e)(1) required, a convicted defendant could *always* obtain funding on collateral review for expert services if his trial attorney had not hired a competing expert, regardless of the strength or incontrovertibility of the government witness's findings.  Such a lax interpretation of Section 3006A(e)(1), which we decline to sanction, would result in gratuitous and wasteful counter-expert expenditures both at trial and during post-conviction proceedings.

---

[2] We note that Stallings' *theory* regarding the absence of but-for causation is a defense to the crime at issue, but proffering a bare theory unsupported by any alleged facts or evidence is insufficient to make that defense plausible.

4

## IV. Conclusion

We will deny Stallings' motion (Doc. 470) for expert funds pursuant to 18 U.S.C. § 3006A(e)(1). An appropriate order shall issue.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

Dated:     May 15, 2019